# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

No. 12-20472
Summary Calendar

Lyle W. Cayce
Clerk

CLAIR M. BRANCH,

Plaintiff-Appellant

v.

CEMEX, INCORPORATED; RINKER MATERIALS CORPORATION, Agent
of PolyPipe, Incorporated,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1953

Before WIENER, ELROD, and GRAVES, Circuit Judges.

WIENER, Circuit Judge:[*]

Plaintiff-Appellant Clair M. Branch appeals from the district court's grant
of summary judgment in favor of Defendants-Appellees Cemex, Incorporated;
Rinker Materials Corporation, Agent of Polypipe, Incorporated, ("Appellees"),
dismissing Branch's employment discrimination action with prejudice. Like both
the EEOC investigator and the district court before us, we conclude that Branch

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-20472

– who was in his seventies when his employment was terminated and, thereafter, when his independent-contractor consulting agreement expired on its own terms (and his duties were assumed by a mid level manager in his sixties) – has not only failed to demonstrate the existence of a genuine issue of material fact sufficient to avoid summary judgment, but has substantially misstated the operable facts of this case. Even worse, Branch's counsel on appeal wrote, signed, and filed a brief with this court in which she misrepresents numerous facts of the case and of the proceedings in the district court, to a point approaching sanctionability. In affirming the district court's judgment dismissing Branch's action for cogent reasons patiently, objectively, and extensively set forth in that court's thirty-five page Memorandum and Opinion, the facts of which are totally supported by the record on appeal and the legal basis of which is unassailable, we caution counsel against filing such pleadings in the future, lest she incur sanctions for such unprofessional and unacceptable submissions. Although we appreciate and encourage vigorous representation by counsel, we will not tolerate representation that is "zealous" to the point of false or misleading statements.[1]

AFFIRMED.

---

[1] We remind counsel that "zealous" is derived from "Zealots," the sect that, when besieged by the Roman Legions at Masada, took the extreme action of slaying their own families and then committing suicide rather than surrendering or fighting a losing battle.